**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| RAUL DUARTE OLVERA, : | |
| : | |
| Plaintiff, : | |
| : | |
| v.  : | CIVIL ACTION NO. |
| : | 1:12-CV-3402-RWS |
| JANET NAPOLITANO, Secretary : | |
| of the U.S. Department of : | |
| Homeland Security; ALEJANDRO : | |
| MAYOYKAS, Director, U.S. : | |
| Citizenship and Immigration : | |
| Services; DENIZE FRAZIER, : | |
| Director, Atlanta District Office of : | |
| U.S. Citizenship and Immigration : | |
| Services; and JOHN MORTON, : | |
| Director, US. Immigration and : | |
| Customs Enforcement, : | |
| : | |
| Defendants. : | |

**<u>ORDER</u>**

This case is before the Court on Defendants' Motion to Dismiss [14]. Plaintiff has not filed a response to Defendants' motion; therefore, the motion is deemed unopposed. <u>See</u> L.R. 7.1B. After reviewing the record, the Court enters the following Order.

**Background**

On October 15, 2011, Plaintiff was notified by the U.S. Immigration and Naturalization Service ("INS")[1] that his Application for Replacement of his Permanent Resident Card ("Application") was denied.[2] INS claimed that Plaintiff was no longer a lawful permanent resident of the United States because he had been deported by an Immigration Judge ("IJ") in San Diego, California. However, Plaintiff never worked, lived, or appeared before an IJ in San Diego. Plaintiff produced evidence to INS that he had never been deported and that his identity was being fraudulently used by another individual who was the subject of deportation proceedings. On December 14, 2001, the IJ corrected the record and his deportation order to reflect the proper individual.

Despite the IJ's amendment of the record, Plaintiff's problems with INS (and later U.S. CIS) persisted and two subsequent attempts to obtain his replacement card were rejected. His later Applications were denied for the same reason as the first Application – Plaintiff's alleged deportation. It appears

---

[1] On March 1, 2003, INS ceased to exist and was replaced by U.S. Citizenship and Immigrations Services ("U.S. CIS").

[2] Unless otherwise noted, the facts are taken from Plaintiff's Complaint [1]. At this stage, the Court accepts as true all well-pleaded facts in the Complaint.

that the individual who was fraudulently using Plaintiff's identity was apprehended and processed for removal from the United States multiple times after illegally reentering the country.  Plaintiff was never removed from the United States and at all relevant times was living and working in Georgia.

On September 28, 2012, Plaintiff filed this suit challenging U.S. CIS's denial of his Applications without legitimate cause.  He seeks declaratory and injunctive relief; specifically, Plaintiff requests: a declaration that Defendants' denials of Plaintiff's Applications were unlawful; an order directing U.S. CIS to re-adjudicate and approve Plaintiff's Application; an injunction prohibiting U.S. CIS from relying upon another person's deportation orders to deny Plaintiff's Application; and reasonable costs and attorney's fees under the Equal Access to Justice Act.  Defendants move to dismiss Plaintiff's claims under Federal Rules of Civil Procedure 12(b)(1) and 12(h)(3).

## Discussion

Defendants argue that this action is moot because Plaintiff's Application was ultimately approved and his replacement green card was delivered to him on January 24, 2013.  (Def.s' MTD, Dkt. [14] at 1-2.)  "[A] case is moot when it no longer presents a live controversy with respect to which the court can give

3

meaningful relief." Fla. Ass'n of Rehab. Facilities, Inc. v. Fla. Dept. of Health and Rehab. Servs., 225 F.3d 1208, 1217 (11th Cir. 2000) (quoting Ethredge v. Hail, 996 F.2d 1173, 1175 (11th Cir. 1993)). "If events that occur subsequent to the filing of a lawsuit or on appeal deprive the court of the ability to give the plaintiff or appellant meaningful relief, then the case is moot and must be dismissed." Al Najjar v. Ashcroft, 273 F.3d 1330, 1336 (11th Cir. 2001). Here, Defendants argue, Plaintiff has already been granted his replacement permanent resident card and therefore the Court cannot provide Plaintiff with any meaningful relief. (Def.s' MTD, Dkt. [14] at 2.)

Based on the foregoing arguments and authority, and having received no response from Plaintiff, the Court agrees with Defendants. A live case or controversy no longer exists and the case is moot. Therefore, Defendants' Motion to Dismiss is **GRANTED**.

## Conclusion

Defendants' Motion to Dismiss [14] is **GRANTED** and the Clerk is instructed to close the case.

4

AO 72A
(Rev.8/82)

**SO ORDERED**, this  17th  day of May, 2013.

_____
RICHARD W. STORY
UNITED STATES DISTRICT JUDGE